UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISIAH AMBO | CIVIL ACTION |
| VERSUS | CASE NO. 22-2176 |
| TURN SERVICES, LLC | SECTION: "G"(4) |

### ORDER AND REASONS

Before the Court is Defendant Turn Services, LLC's ("Defendant") Motion for Partial Summary Judgment on the Issue of Cure.[1] Defendant seeks dismissal of Plaintiff Isiah Ambo's ("Plaintiff") claim for cure.[2] Defendant argues that its cure obligation is satisfied given Plaintiff's eligibility and receipt of Medicaid benefits.[3] Plaintiff opposes the motion and argues that his Medicaid eligibility is in dispute.[4] This Court previously ordered that Plaintiff furnish a response providing competent summary judgment evidence from the Louisiana Department of Health ("LDH") regarding his alleged ineligibility for Medicaid and the rationale for the eligibility determination.[5] Considering the Supplemental Memorandum and exhibits filed by Plaintiff[6] and Reply Memorandum and exhibits filed by Defendant,[7] this Court finds that the cure obligation is satisfied given Plaintiff's eligibility of Medicaid benefits, except to the extent that Plaintiff incurs

---

[1] Rec. Doc. 15.

[2] *Id.* at 1.

[3] Rec. Doc. 15-1.

[4] Rec. Doc. 19.

[5] Rec. Doc. 25.

[6] Rec. Doc. 26.

[7] Rec. Doc. 29.

1

any out-of-pocket expenses in the future. Accordingly, the Court grants Defendant's Motion for Partial Summary Judgment on the Issue of Cure.

## I. Background

This litigation arises out of injuries allegedly sustained by Plaintiff while working as a deckhand aboard the M/V SIR BARTON on March 2, 2022.[8] After tying up a crane barge, Plaintiff claims that he was attempting to step back onto the M/V SIR BARTON when he slipped on the deck of the barge, causing injuries to his right shoulder.[9]

Plaintiff filed a Complaint against Defendant in this Court on July 14, 2022.[10] Plaintiff brings claims under the Jones Act and general maritime law.[11] On April 25, 2023, Defendant filed the instant motion for partial summary judgment on the issue of cure.[12] Defendant argued that its cure obligation is satisfied given Plaintiff's eligibility and receipt of Medicaid benefits.[13] On May 9, 2023, Plaintiff filed an opposition to the motion, arguing that his Medicaid eligibility is in dispute.[14] On May 15, 2023, Defendant filed a reply brief in further support of the motion.[15]

On August 14, 2023, this Court issued an order requiring that Plaintiff furnish a response providing competent summary judgment evidence from LDH regarding his alleged ineligibility

---

[8] Rec. Doc. 1 at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 15.

[13] *Id.*

[14] Rec. Doc. 19.

[15] Rec. Doc. 22.

for Medicaid and the rationale for the eligibility determination within seven days.[16] In the prior Order, the Court explained the history of the Public Health Service Hospitals program, which provided free medical treatment to seamen.[17] The Court explained that since the termination of the program in 1981, the ship owner's cure obligation is often satisfied by Medicare or Medicaid.[18] The Court stated that a vessel owner's cure obligation is satisfied by Medicaid if: (1) a plaintiff qualifies for Medicaid; (2) there exist adequate healthcare providers to perform the indicated procedures, within a reasonable distance of plaintiff's residence; and (3) these available healthcare providers accept Medicaid payment.[19] Plaintiff argued that he was no longer eligible for Medicaid, but he did not present any competent summary judgment evidence to support this assertion. Therefore, the Court directed Plaintiff to file a supplemental brief with competent summary judgment evidence from LDH regarding his alleged ineligibility for Medicaid.[20]

On August 21, 2023, Plaintiff filed a Supplemental Memorandum.[21] On August 25, 2023, Defendant filed a Reply Memorandum.[22]

## II. Parties' Arguments

### A. *Plaintiff's Supplemental Memorandum in Response to Court's Order*

In response to this Court's order that Plaintiff provide evidence of his Medicaid eligibility, Plaintiff sets out that he does not have any evidence from the LDH that demonstrates that he is

---

[16] Rec. Doc. 25.

[17] *Id.* at 8–9.

[18] *Id.* at 9.

[19] *Id.*

[20] *Id.* at 12.

[21] Rec. Doc. 26.

[22] Rec. Doc. 29.

ineligible for Medicaid.[23] Plaintiff asserts that he continues to treat and continues to incur medical bills, and that Defendant should be held responsible for any potential lien enforced by Medicaid.[24] Plaintiff avers that a ruling that simply indicates that Defendant's cure obligation is satisfied leaves open the possibility of Plaintiff being hampered with the demand for reimbursement from Medicaid.[25] Plaintiff contends that, to date, there are existing medical bills that remain outstanding which should be the obligation of Defendant.[26] Plaintiff attaches a letter from a representative of LDH referring to medical expenses paid on behalf of Plaintiff,[27] a summary of the medical expenses paid by LDH,[28] a billing summary from Southern Orthopaedic Specialists, Inc,[29] and an untitled break down of medical procedures.[30]

### B. *Defendant's Supplemental Memorandum in Response to the Court's Order*

In response to this Court's order that Plaintiff provide evidence of his Medicaid eligibility, Defendant asserts that it obtained a letter from LDH entitled "Louisiana Department of Health Decision Letter," which indicates that Plaintiff is eligible for Medicaid, and that his coverage will continue until January 2024.[31] Defendant points to an affidavit of Terrell Folse, the individual responsible for overseeing the claims against Defendant, which indicates that the physical therapy

---

[23] Rec. Doc. 26 at 1.

[24] *Id.* at 1—2.

[25] *Id.* at 2.

[26] *Id.*

[27] Rec. Doc. 26-1.

[28] *Id.*

[29] Rec. Doc. 26-2.

[30] *Id.* at 2—3.

[31] *Id.* at 2.

4

invoices of Plaintiff were audited by a medical auditor and were paid in full by Defendant.[32] Defendant argues that Plaintiff's exhibit "A" attached to his supplemental memorandum is an unexplained hearsay document.[33] Thus, Defendant urges the Court to grant its Motion for Summary Judgment on the issue of cure.[34]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[35] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[36] All reasonable inferences are drawn in favor of the nonmoving party.[37] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[38] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a

---

[32] Rec. Doc. 29 at 1.

[33] *Id.*

[34] *Id.*

[35] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[36] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[37] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150; *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2022))

[38] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075 (citations omitted).

matter of law.[39] The nonmoving party may not rest upon the pleadings.[40] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[41]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[42] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[43] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[44] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[45]

---

[39] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[40] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[41] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby Inc.*, 477 US 242, 255-57 (1986).

[42] *Celotex*, 477 U.S. at 323.

[43] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[44] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[45] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson,* 477 US 242, 248-49).

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[46] Moreover, "the nonmoving party may not rest upon mere allegations or denials in its pleadings."[47]

### IV. Analysis

In the August 14, 2023 Order, the Court explained the history of the Public Health Service Hospitals program, which provided free medical treatment to seamen.[48] The Court explained that, since the termination of the program in 1981, the ship owner's cure obligation is often satisfied by Medicare or Medicaid.[49] The Court stated that a vessel owner's cure obligation is satisfied by Medicaid if: (1) a plaintiff qualifies for Medicaid; (2) there exist adequate healthcare providers to perform the indicated procedures within a reasonable distance of plaintiff's residence; and (3) these available healthcare providers accept Medicaid payment.[50] Plaintiff argued that he was no longer eligible for Medicaid, but he did not present any competent summary judgment evidence to support this assertion. Therefore, the Court directed Plaintiff to file a supplemental brief with competent summary judgment evidence from LDH regarding his alleged ineligibility for Medicaid.[51]

In response to the Court's Order, Plaintiff concedes that he does not have any such evidence.[52] However, Defendant provided evidentiary documents that shows that Plaintiff is

---

[46] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[47] *Morris*, 144 F.3d at 380.

[48] Rec. Doc. 25 at 8–9.

[49] *Id.* at 9.

[50] *Id.*

[51] *Id.* at 12.

[52] Rec. Doc. 26.

7

indeed eligible and is presently receiving Medicaid benefits.[53] Therefore, the undisputed evidence in the record establishes that Plaintiff is eligible to receive Medicaid until January 2024.

The burden of establishing program ineligibility and incompetency of the provider rests upon the seaman, as he is in the best position to ascertain such facts.[54] Plaintiff has not presented any evidence to show that: (1) he is ineligible for Medicaid; (2) there do not exist adequate healthcare providers to perform the indicated procedures within a reasonable distance of Plaintiff's residence; or (3) these available healthcare providers do not accept Medicaid payment. Therefore, the Court concludes that payment by Medicaid satisfies Defendant's cure obligation.

Plaintiff argues that he continues to treat and continues to incur medical bills, and a ruling that the cure obligation is satisfied leaves open the possibility of Plaintiff being hampered with the demand for reimbursement from Medicaid.[55] Other district courts that have granted summary judgment on this issue have held that Medicaid satisfies the employer's obligation to pay cure, with the caveat that the employer's obligation will remain with respect to any out-of-pocket medical expenses incurred by the plaintiff.[56] As it stands currently, the cure obligation has been satisfied since Plaintiff qualifies for Medicaid and Defendant has paid in full any outstanding medical expenses. Thus, this Court finds that summary judgment in favor of the movant is appropriate. Nevertheless, Defendant remains obligated to pay any out-of-pocket medical expenses Plaintiff incurs in the future.

---

[53] Rec. Doc. 29-2.

[54] *In re McKinney Island, L.L.C.*, 2008 WL 1901698, at *2 (citing *Toulson v. Ampro Fisheries, Inc.*, 872 F. Supp. 271, 277 (E.D. Va. 1995)).

[55] Rec. Doc. 26 at 1.

[56] *Ruiz v. Turn Services, LLC,* No. 19-1400, 2021 WL 2787662, at *1 (E.D. La. May 27, 2021). *See also Terrebonne v. B & J Martin, Inc.*, No. 16-8630, 2017 WL 1073801, at *3 (E.D. La. Mar. 21, 2017) ("Defendant's cure obligation is satisfied to the extent that Medicaid has tendered payment for Plaintiff's medical expenses.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment on the Issue of Cure[57] is **GRANTED**. Defendant's cure obligation is satisfied by Plaintiff's Medicaid eligibility, except to the extent Plaintiff incurs out-of-pocket expenses for his medical treatment in the future.

**NEW ORLEANS, LOUISIANA,** this  3rd   day of January, 2024.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[57] Rec. Doc. 15.